UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                    Case No. 23-20489

v.

                                  Magistrate Judge Kimberly G. Altman

RONNIE SMITH,

      Defendant.

_____/

## ORDER GRANTING GOVERNMENT'S SECOND MOTION TO REVOKE DEFENDANT SMITH'S BOND (ECF No. 115)

### I. Introduction

Defendant Ronnie Smith is before the Court on the government's second motion to revoke Smith's bond. On June 24, 2024, District Judge Stephen J. Murphy granted the motion in part and issued an order directing the Duty Magistrate Judge to hold "a hearing and determination as to whether Defendant Smith's bond should be revoked and he be detained pending trial." (ECF No. 118, PageID.298). The Court held a hearing on June 25, 2024 and granted the government's motion in full and ordered Smith detained.

### II. Background

On September 1, 2023, Smith made his initial appearance on an indictment charging him and others with conspiracy to defraud the United States and transportation of stolen vehicles, in violation of 18 U.S.C. §§ 372, 2312. Smith was ordered temporarily detained and a detention hearing was held on September 5, 2023. Smith was released on bond following the hearing with several conditions, including not using controlled substances, and having no contact with co-defendants, home detention, and "Zero Tolerance for any bond violations." On December 20, 2023, the government filed a motion to revoke Smith's bond based on a domestic violence incident. A hearing was held on December 21, 2023, and Smith was again released on bond with additional conditions that he not have any contact with the individual involved in the domestic violence incident. On March 25, 2024, Smith's bond was modified to remove home detention and impose a GPS tether.

On June 24, 2024, the government filed the instant motion. As stated in the motion, the government says that Smith has violation his bond by engaging in new criminal activity in the form of intimidating a co-defendant, engaged in a fraud scheme involving selling two vehicles, and by having contact with the individual from the earlier domestic violence incident in which Smith is alleged to have engaged in a car chase with the victim and shot at her. The pretrial services officer

also stated at the hearing that Smith has tested positive for marijuana on multiple occasions.

### III.   Discussion

The statute governing pretrial release violations is 18 U.S.C. 3148.  It provides that "[a] person who has been released under [18 U.S.C. §] 3142 ... and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a).

After a hearing, the Court shall revoke the defendant's release and detain the defendant, if it finds probable cause to believe the defendant has committed another crime while on release or clear and convincing evidence that the defendant has violated any other condition of release.  The Court must also find by a preponderance of the evidence that "there is no condition or combination of conditions of release that will assure the person will not flee or pose a danger to the safety of any other person or the community" or that "the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b)(2).

As stated at the hearing, there is clear and convincing evidence that Smith has violated his bond conditions by (1) having contact with co-defendants, (2) having contact with the individual in the now two domestic violence incidents, and (3) and testing positive for drugs.  As to the alleged criminal activity, the proffered

3

evidence as to contacting a co-defendant and threating them via Instagram is concerning as the Instagram account was linked to a phone number used by Smith. The evidence regarding the vehicle fraud is less potent but still concerning as it connects Smith to the fraud. However, the Court does not rest its decision to revoke Smith's bond based on the alleged criminal activity, however troubling it may be. Rather, Smith has clearly violated his bond conditions and is still under a zero tolerance order. The Court also finds by a preponderance of the evidence that Smith is not likely to abide by any condition or combination of conditions to assure the safety of the community

**Accordingly, Detention is Ordered.**

Smith is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Smith must be afforded a reasonable opportunity to consult privately with defense counsel. On order of a United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Smith to the United States Marshal for a court appearance.

Dated: June 26, 2024           s/Kimberly G. Altman
Detroit, Michigan          KIMBERLY G. ALTMAN
         United States Magistrate Judge